UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.   CR-10-0013-WFN-1 |
| Plaintiff, | |
| -vs- | ORDER |
| RAUL VILLACANA-OCHOA, | |
| Defendant. | |

A motion and sentencing hearing was held on September 8, 2010. The Defendant, who is in custody, was present and represented by Assistant Federal Defender Kimberly Deater and assisted by Court appointed interpreter Bea Rump; Assistant United States Attorney Matt Duggan represented the Government. United States Probation Officer Gloria Petretee was also present.

The Court heard argument on Defendant's Motion for Reconsideration of Denial of Defendant's Motion for Judgment of Acquittal (Ct. Rec. 86). This Order is entered to memorialize and supplement the oral rulings of the Court on the Defendant's Motion.

## BACKGROUND

The jury for Defendant's trial was selected on May 3, 2010. The trial was conducted on May 6, 2010. The Government presented four witnesses and eight exhibits. At the close of the Government case the Defendant made a Rule 29 Motion. *See* Trial Transcript [TT], Ct. Rec. 84, p. 89, 90-91. The Defendant made two arguments: (1) that the Certificate of Non-existence of Record [CNR], the Warrant of Deportation and the Defendant's sworn

ORDER - 1

statement were all hearsay and should not have been admitted; and (2) the Government had offered no proof of element two - that Defendant voluntarily entered the United States. The Motion was denied. The jury returned a guilty verdict.

After the trial, the Court *sua sponte* raised the question as to whether the decision in *United States v. Orozco-Acosta*, 607 F.3d 1156 (9th Cir. 2010) would affect this proceeding. The case held that admission of the CNR violated the Confrontation Clause, but was harmless error given the other evidence that showed that Defendant did not have permission to be in the United States. The Government filed a brief on July 20, 2010 (Ct. Rec. 81) arguing that this case is distinguishable from the *Orozco* case because Keith Brown testified as to the CNR, so its admission did not violate the Confrontation Clause. The Government further asserted that even if the admission of the CNR was error, the error was harmless because there was a sworn statement by Defendant in which he admitted that he was illegally present in the United States. The Defendant, in response, filed the instant Motion for the Court to Reconsider its denial of the Rule 29 Motion. Defendant argued that the admission of the CNR was error and that the error was not harmless.

**DISCUSSION**

<u>Standard for Reconsideration</u>. Reconsideration of a Court determination is appropriate under Federal Rule of Civil Procedure 59(e) if: (1) there has been an intervening change of controlling law; (2) the district court is presented with newly discovered evidence; or (3) the district court committed clear error or made an initial decision that was manifestly unjust. *Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir. 2001), *citing*, *School Dist. No. 1J, Multnomah Co., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The Ninth Circuit has recognized that in the interests of finality and conservation of judicial resources, Rule 59(e) is an extraordinary remedy that is used sparingly. *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000); *McDowell v.*

ORDER - 2

*Calderon,* 197 F.3d 1253, 1255, n. 1 (9th Cir. 1999). In this case, reconsideration of the Court's denial of the Rule 29 Motion could be based on a change in controlling law or could result if Defendant showed clear error or a decision that was manifestly unjust.

In order to convict the Defendant the Government had to prove beyond a reasonable doubt the following five elements:

1) <u>Defendant was deported on October 3, 2009.</u> The Government produced the Warrant of Removal/Deportation (Exhibit 5).[1] The Warrant had the Defendant's picture and a fingerprint, which later testimony concluded was the same as the fingerprint of Defendant when he was apprehended on the current charge.

2) <u>Defendant voluntarily entered the United States after deportation.</u> The jury could have found this element based on the fact that Defendant was found in Chelan County under circumstances that did not appear to include duress and he admitted in a sworn statement that he was in the United States, attempting to drive his brother to California (Exhibit 9).

3) <u>After entry he knew he was in United States and knowingly remained.</u> The Defendant was found on December 25, 2009 in Chelan County and stated his intent was to drive his brother to California.

4) <u>Found in United States December 25, 2009 without having obtained consent of the Attorney General or Secretary of Homeland Security.</u> The Government argued that the CNR (Exhibit 8), admitted during the testimony of Keith Brown, and Exhibit 9, the sworn statement of the Defendant, proved this element.

---

[1] Defendant originally argued that the admission of the Warrant of Removal/ Deportation also violated the Confrontation Clause. That argument is foreclosed by *United States v. Orozco-Acosta*, 607 F.3d 1156 (9th Cir. 2010) and *United States v. Villavicencio-Burruel,* 608 F.3d 556 (9th Cir. 2010).

ORDER - 3

5) <u>Defendant was an alien at time of reentry.</u>[2]  The Government produced a stipulation in which Defendant admitted he was an alien on June 17, 1996 (Exhibit 10). To prove that he was an alien at the time of reentry, the Government produced the CNR (Exhibit 8) and the Defendant's sworn statement (Exhibit 9).

<u>Certificate of Non-Existence of Record</u>.  The Defendant argued that it was error to admit the CNR based on *Crawford v. Washington,* 541 U.S. 36 (2004) (out-of-court statements by a witness that are testimonial are barred, under the Confrontation Clause, unless the witness is unavailable and defendant had a prior opportunity to cross-examine the witness) and *Melendez-Dias v. Massachusetts*, ___ U.S. ___, 129 S. Ct. 2527 (2009) (admission of certificate of drug analysis, without in-court testimony by analyst violated the Confrontation Clause as the certificate was testimonial, *i.e.*, clearly produced for use at trial).  While the CNR is testimonial and was prepared for trial in this case, its admission would constitute error only if the CNR was admitted without giving the Defendant the opportunity to cross examine the "testimony." *Melendez-Diaz*, 129 S. Ct. at 2539.  In *Orozco*, this is precisely what the Ninth Circuit found was error. 607 F.3d at 1161.  Here, however, the CNR was admitted through Keith Brown whom Defendant had the opportunity to cross examine, which does distinguish this case from *Orozco.*

The Defendant argued that Mr. Brown did not do the research or create the document, and thus the opportunity to question Mr. Brown, did not give the Defendant the right to confront the witness against him.  The CNR (Exhibit 8) was signed by Mr. Brown, his statement on the certificate described the search of records that either he or an agency employee had performed, and he certified the conclusion that no record existed

---

[2]The Government cannot rely on the factual findings of a prior deportation to prove alienage - as that civil proceeding had a lower burden of proof. *United States. v. Meza-Soria,* 935 F.2d 166, 169 (9th Cir. 1991).

ORDER - 4

to show that Defendant had obtained consent to reenter the country. Mr. Brown, was the Field Office Director and supervisor of the agency staff that completed the search of the records.[3] The CNR was admitted through his testimony and the Defendant had an opportunity to confront him. Thus, the Defendant's right to confront witnesses again him was not violated by the admission of the CNR.

<u>Harmless Error.</u>  The parties dispute whether the admission of the CNR was harmless error. In *Orozco* the Ninth Circuit held that the Confrontation Clause error was harmless beyond a reasonable doubt because Defendant would have been convicted regardless of the introduction of the CNR. *Orozco,* 607 F.3d at 1162. On the issue of legal permission to be in the country, the CNR was cumulative of the agent's testimony regarding his review of the A-File, the defendant's sworn statement, the arresting officer's testimony that defendant admitted he lacked documents allowing him to be in the United States legally, and the testimony of the agent regarding the circumstances of his arrest in a desolate area near the border. *Id.* at 1162.

In this case, the CNR was also cumulative of other evidence that Defendant had not received legal permission to be in the United States. Keith Brown testified that the A-File had been searched to determine whether an actual I-212 application had been filed and found that it had not. TT, Ct. Rec. 84, p. 58. In addition, the Defendant's sworn statement (Exhibit 9) taken September 29, 2009, just three months prior to Defendant's apprehension, was received into evidence. In the statement Defendant admitted that he was a citizen of Mexico, that he was "illegal" in the United States, that he had not applied for United States citizenship, that he had no documents permitting him to reside in or work

---

[3]During the trial the Court concluded that "a search was done by a staff member in his office under his supervision and he signed off on it." TT, Ct. Rec. 84, p. 75, ll. 12-13.

ORDER - 5

in the United States, and that he did not have any applications approved or pending with the Bureau of Citizenship and Immigration Services.

Defendant argued that the sworn statement was hearsay and not admissible because the person to whom Defendant gave the statement was not present to be confronted. The sworn statement was obtained for an administrative proceeding however, not for trial, and therefore is not testimonial in nature. Thus, no Confrontation Clause issue is raised. Moreover, it is a sworn statement of a party, not testimony by another person.

The Defendant also argued that the statement was obtained without *Miranda* warnings and the Government could not prove it was voluntary. Defendant raised similar arguments at the beginning of the trial in an attempt to exclude the statement. TT, Ct. Rec. 84 pp. 2-10. The Court ruled that admission of the statement was permitted citing *United States v. Salgado,* 292 F.3d 1169 (9th Cir. 2002) (holding that *Miranda* warnings were not required in a interview conducted solely to determine whether arrestee was subject to administrative deportation). The Court concluded, in addressing the Motion for Reconsideration, that the Defendant's sworn statement in the administrative proceeding was admissible and provided sufficient evidence that the Defendant did not have permission to be in the United States, thus satisfying the fourth element of the charge. So, even if the CNR was admitted in error, the error was harmless beyond a reasonable doubt.

## CONCLUSION

Defendant was convicted by jury trial of being an alien in the United States after deportation. There was sufficient admissible evidence to satisfy all elements of the crime charged and the Motion for Reconsideration of this Court's denial of Defendant's Rule 29 Motion must be denied. The admission of the CNR did not violate the Confrontation Clause. However, even if a violation occurred, any error would be harmless beyond a reasonable

ORDER - 6

doubt, because there was sufficient evidence that the Defendant had not received permission to be in the United States. Accordingly,

**IT IS ORDERED** that

1.  Defendant's Motion for Reconsideration of Denial of Defendant's Motion for Judgment of Acquittal, filed August 22, 2010, **Ct. Rec. 86**, is **DENIED.**

2.  The Judgment shall appear as a separate Order.

The District Court Executive is directed to file this Order and provide copies to counsel and United States Probation Officer Gloria Petretee.

**DATED** this 9th of September, 2010.

09-0810

          s/ Wm. Fremming Nielsen
          WM. FREMMING NIELSEN
          SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7