UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Respondent,<br><br>-vs-<br><br>RAUL VILLACANA-OCHOA,<br><br>                Petitioner. | NO.   CR-10-0013-WFN-1<br>        CV-13-0089-WFN<br><br>ORDER DENYING PETITIONER'S<br>§2255 MOTION |

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 119), to which the Government has responded (ECF No. 122), and the Petitioner has replied (ECF No. 124).[1] Defendant is a Mexican national with an extensive criminal history. Defendant has been deported or removed from the United States over a dozen times. On December 25, 2009, Defendant was found in the Chelan County Jail where he was being held on charges of assault, disorderly conduct and obstruction. On that date, it had been less than three months since Defendant was last deported. On January 20, 2010, Defendant was charged with being an alien in the United States after deportation in violation of 8 U.S.C. § 1326. After considering plea offers from the Government, the Defendant proceeded to trial and was found guilty on May 6, 2010.

---

[1] The Court notes that Petitioner's reply is noted as a Motion for Default Judgment. The substance of the reply is that the Court issued an Order to Show Cause and the Government is in default. Both of these claims are incorrect.

ORDER DENYING PETITIONER'S
§ 2255 MOTION - 1

Defendant's base offense level was 8. The PSR included a 16-level enhancement based upon Defendant's conviction for first degree burglary, in violation of California Penal Code § 459. Defendant was not given a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 as the Defendant proceeded to trial and showed no indication of acceptance of responsibility. Defendant's final offense level was 24. Defendant had nine criminal history points, establishing a criminal history category of IV.[2] Defendant's guideline range was 77 to 96 months. In Defendant's sentencing memorandum, defense counsel objected to the 16 point enhancement and asked that the Court apply a reduction to Defendant's offense level for acceptance of responsibility. The Court overruled both objections. The Court also noted that Defendant had over 28 aliases, was deported 15 times, amassed four immigration violations, and, in short, was a terrible visitor. The Government requested a high-end sentence of 96 months. The Court imposed a mid-range sentence of 87 months.

On March 4, 2013, Petitioner filed the current Motion. In the Motion, Petitioner states two grounds for relief: (1) ineffective assistance of counsel, and (2) District Court error.

## APPLICABLE LAW

The Sixth Amendment provides that an accused in a criminal prosecution has a right to the assistance of counsel. U.S. CONST. amend. VI. In considering a claim of ineffective assistance of counsel, the Court must consider whether counsel's representation fell below an objective standard of reasonableness and whether the deficient performance

---

[2]Defendant's criminal history was extensive, including assault, disorderly conduct, DUI, receiving stolen property, theft of personal property, petty theft, first degree burglary, exhibiting a deadly weapon, first degree burglary, illegal reentry, attempt to possess cocaine, and domestic violence.

ORDER DENYING PETITIONER'S
§ 2255 MOTION - 2

prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *Strickland* provides:

> [t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

*Strickland*, 466 U.S. at 686. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.* at 698.

The first prong of the *Strickland* test requires that a petitioner show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Court's scrutiny of counsel's performance must be highly deferential and must attempt to evaluate the conduct from counsel's perspective at the time. *Id.* at 689.

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

*Id.* quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955); *see, also, United States v. Bosch*, 914 F.2d 1239, 1244 (9th Cir. 1990).

The second prong of the *Strickland* test provides "the defendant must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. A defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The standard requires a showing that there is a reasonable probability that, but for the counsel's errors, the results of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A Court need not address the prejudice prong if counsel's performance was not deficient. *United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002).

ORDER DENYING PETITIONER'S
§ 2255 MOTION - 3

## DISCUSSION

I. **Ineffective Assistance of Counsel**

Petitioner contends that his trial counsel was ineffective as (1) Petitioner wanted to plead guilty and sign a plea agreement, (2) counsel advised Petitioner to reject the plea offer of 60 months and proceed to trial, (3) counsel failed to advise Petitioner that he could get a longer sentence if he lost at trial, and (4) cumulative errors.

In a particularly well written brief, the Government responds that Petitioner is unable to show that defense counsel's advice was deficient. The Government systematically dismantles Petitioner's specific claims. First, the Government offers a declaration of Ms. Caballero, an interpreter/investigator for the Federal Defenders who worked with Petitioner. Ms. Caballero states that she has "specific memories of a series of discussions concerning plea negotiations;" that Petitioner was dissatisfied with the deal that defense counsel had negotiated and "repeatedly asked her to 'come back to [him] with a better deal;" that defense counsel warned Petitioner that their defense strategy at trial would be weak, and that if he proceeded to trial and lost, he would be "looking at a lot more time." (ECF No. 122-7 at 62).

Second, the Government points out that Defendant is not new to the criminal justice system. He has illegal reentry convictions in 1991, 1993, 1994, and 1996. This makes his claim that he failed to understand that he could get a longer sentence if he proceeded to trial less than credible. Third, the Government points out that after Defendant was convicted at trial, but before he was sentenced by this Court, he wrote the Court a letter. In the letter, Petitioner made numerous claims about his counsel, some statements which directly contradict Petitioner's current claims.[3] Finally, the Government also points out that at

---

[3] For instance, in his June 3, 2010, letter, Petitioner states that his attorney told him that he "should pick" about whether or not to proceed to trial, whereas Petitioner currently contends that defense counsel told him to reject the plea deal (ECF No. 72). Petitioner also

ORDER DENYING PETITIONER'S
§ 2255 MOTION - 4

1  sentencing Petitioner failed to articulate any alleged concerns about his guideline sentencing
2  range. The Court agrees with the Government. Petitioner's claims are not credible and fail
3  to show any evidence that defense counsel's performance was deficient.

**II.    District Court Error**

In his second claim, Petitioner argues that the Court erred by (1) improperly enhancing Petitioner's offense level by 16 points, and (2) failing to reduce Petitioner's offense level for acceptance of responsibility.

Addressing the 16 point enhancement, the Government notes that at sentencing the Court understood that the predicate conviction was old, but nevertheless found the enhancement to be appropriate. The Government also points out that at the sentencing, defense counsel acknowledged that the enhancement was technically correct, but instead argued that under an 18 U.S.C. § 3553(a) analysis, it was unreasonable. The Court again agrees with the Government. The Court did not err in finding Petitioner's first degree burglary conviction under California Penal Code § 459 a crime of violence under § 2L1.2. The enhancement was appropriate. *See United States v. Ramos-Medina*, 706 F.3d 932, 938 (9th Cir. 2013).

Finally, the Government also eviscerates Petitioner's acceptance of responsibility argument. Petitioner went to trial and made no indication or statement that he accepted responsibility. As his defense counsel stated at sentencing, Petitioner was not making any acceptance statements due to legal issues. U.S.S.G. §3E1.1, Application Note 2, specifically states that the acceptance of responsibility reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial . . . ."

In sum, Petitioner's claims are without merit and he has failed to meet the first prong of *Strickland.* Dismissal of Petitioner's § 2255 Motion is appropriate.

---

states that he could not decide between the 57 month plea deal and proceeding to trial.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Judge issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes jurists of reason would not find the Court's rulings debatable. Thus, a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed March 4, 2013, **ECF No. 119**, is **DENIED**.

2. Petitioner's reply, noted as a Motion for Default Judgment, filed July 22, 2013, **ECF No. 124**, is **DENIED AS MOOT**.

The District Court Executive is directed to file this Order and provide copies to Petitioner and **CLOSE** the corresponding civil file, CV-13-0089-WFN.

**DATED** this  31st  day of July, 2013.

                                                s/ Wm. Fremming Nielsen
                                                WM. FREMMING NIELSEN
07-17-13                                  SENIOR UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITIONER'S
§ 2255 MOTION - 6