1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON

7   UNITED STATES OF AMERICA,              )
                                            )   NO.    CR-10-0013-WFN-1
8                        Respondent,        )          CV-13-0089-WFN
                                            )
9        -vs-                               )   ORDER
                                            )
10  RAUL VILLACANA-OCHOA,                   )
                                            )
11                       Petitioner.        )
                                            )
12  _____        )

13      Before the Court is Defendant's Motion for Reconsideration (ECF No. 126).
14  Defendant asks the Court to reconsider its "Order Denying Petitioner's § 2255 Motion"
15  (ECF No. 125).[1]

16      A Fed. R. Civ. P. 59(e) motion for reconsideration can only be granted when a
17  district court: (1) is presented with newly discovered evidence; or (2) committed clear
18  error or the initial decision was manifestly unjust; or (3) there has been an intervening change
19  in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).  In the
20  interests of finality and conservation of judicial resources, Rule 59(e) is an extraordinary
21  remedy that is used sparingly. *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 890
22  (9th Cir. 2000).  The standard of review is abuse of discretion. *Zimmerman,* 255 F.3d at 737.

23

24      [1]The Court notes that Defendant has filed a notice of appeal with the Ninth Circuit.
25  (ECF No. 127.)  Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(i), Defendant's
26  notice of appeal "becomes effective" upon entry of this order.

ORDER - 1

Defendant neither argues that there has been a change of controlling law nor presents newly discovered evidence justifying reconsideration. The only possible ground for reconsideration would be to show that the Court committed a "clear error" or its decision was "manifestly unjust."  Clear error occurs when a court's decision or action appears to have been "unquestionably erroneous."  BLACK'S LAW DICTIONARY, 8th Edition, 1990, p. 582. Similarly, manifest injustice is defined as "an error in the trial court that is direct, obvious, and observable . . . ." *Id.* at 982.

Defendant fails to show that the Court's order denying his § 2255 motion contained a clear error or was manifestly unjust. Even if Defendant's allegation that he was not served with the Government's response brief is true, he still fails to show that his sentence was imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The Government's alleged failure to serve Defendant with a copy of its response had no bearing on the Court's denial of his § 2255 motion.  The Court conducted a full and thorough examination of Defendant's claims and found no basis for his § 2255 motion.  Defendant makes no showing that the Court's conclusions regarding the claims made in his § 2255 motion were clearly erroneous or manifestly unjust.  Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration, filed August 12, 2013, **ECF No. 126**, is **DENIED**.  This Court continues to decline to issue a certificate of appealability as Defendant has not made a substantial showing of the denial of a constitutional right. 28 U.S.C § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

The District Court Executive is directed to file this Order and provide copies to Defendant and to counsel for the Government.

**DATED** this 3rd day of September, 2013.

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

08-27-13

ORDER - 2